UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DEREK LURCH JR.,

                Plaintiff,

-against-

MARGARET BERRY, NURSE,

                Defendant.

20-CV-2312 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action asserting that, while he was incarcerated in Mid-State and Franklin Correctional Facilities, Defendant violated his rights. Plaintiff filed his original complaint on October 18, 2018, and the complaint was opened as a new civil action and assigned docket number 18-CV-9592. (ECF No. 2.) Plaintiff filed his original complaint and initial request to proceed *in forma pauperis* ("IFP") while incarcerated. But just over a month after he filed those documents, the New York State Department of Correction and Community Supervision (DOCCS) released him into parole supervision. Because his financial situation may have changed upon his release, the Court directed him to either pay the relevant fees or file an amended IFP request. (ECF No. 3.) In his amended IFP application (ECF No. 4), Plaintiff stated, for the first time, that in January 2018, he had received $65,000 because of a settlement in another action – possibly *Lurch v. MTA*, ECF 1:17-CV-0867, 101 (S.D.N.Y. Jan. 28, 2019) (dismissing action voluntarily). In response, the Court directed Plaintiff to either pay the fees or explain in a second amended IFP request how he could not afford to pay the fees considering the settlement. (ECF No. 6.) On May 13, 2019, Plaintiff filed a second amended IFP application in which he asserted that he was destitute and that "due to bad financial decisions, my bank account is in the negative." (ECF No. 7 at 2.) On May 17, 2019, the Court granted Plaintiff's request to proceed IFP (ECF No. 8), and the case was reassigned to the Hon. Nelson S. Román.

On May 22, 2019, Judge Roman issued a *Valentin* order, directing the New York State Attorney General to ascertain the identities of the Defendants. (ECF No. 10.) In response, the New York State Attorney General moved to change venue to the United States District Court for the Northern District of New York (*see* ECF No. 12), and by order dated July 16, 2019, the case was transferred to the Northern District, (ECF No. 13). By decision and order dated March 10, 2020, the Northern District severed Plaintiff's claim that occurred in Franklin Correctional Facility and transferred that one claim back to this Court; the Clerk of Court opened this severed claim as a new civil action and assigned it docket number 20-CV-2312. (ECF No. 27.)

While the case was pending in the Northern District, Plaintiff filed a change of address indicating that, as of December 15, 2019, he was in the custody of the New York City Department of Correction. (ECF No. 21.) A review of the records of the New York City Department of Correction, however, reveals that Plaintiff was released on February 27, 2020. *See* http://a073-ils-web.nyc.gov/inmatelookup/pages/common/find.jsf. Plaintiff has failed to notify the Court of a change of mailing address and has not initiated any further contact with the Court, written or otherwise.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Fields v. Beem*, No. 13-CV-0005 (GTS/DEP), 2013 WL 3872834, at *2 (N.D.N.Y. July 24, 2013) ("A plaintiff is required to notify the Court when his address changes, and failure to do so is sufficient to justify dismissal of a plaintiff's complaint.") (collecting cases). Accordingly, the Court directs Plaintiff to update his address of record within 30 days of the date of this order. Should Plaintiff fail to comply with this order, the Court will dismiss the action without prejudice for failure to prosecute.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff at P.O. Box 540807, Bronx, New York 10454, an address Plaintiff provided to the Court on October 17, 2019 (ECF No. 19), and note service on the docket.

Within thirty days of the date of this order, Plaintiff must complete, date, and sign the attached change of address form. If Plaintiff submits the change of address form, it should be labeled with docket number 20-CV-2312 (CM). Should Plaintiff fail to comply with this order, the Court will dismiss the action without prejudice for failure to prosecute.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: March 18, 2020
       New York, New York

                                            COLLEEN McMAHON
                                    Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (_____)(_____)

NOTICE OF CHANGE OF ADDRESS

I hereby notify the Court that my address has changed to the following:

_____    _____
Date                                    Signature

_____    _____
Name (Last, First, MI)                  Prison Identification # (if incarcerated)

_____    _____
Address         City                    State        Zip Code

_____    _____
Telephone Number                        E-mail Address (if available)

Rev. 8/15/14