

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
WESTCHESTER REGIONAL OFFICE

August 4, 2020

United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Attn: Honorable Philip M. Halpern
United States District Court Judge

> Application granted. The time for defendant Berry to answer or move with respect to the complaint is extended to 9/25/2020. Defendant is reminded to review and comply with my Individual Practices concerning motions, in particular Rule 4. The Office of the Attorney General is directed to deliver a copy of this Order to plaintiff.
>
> SO ORDERED.
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: New York, New York
> August 5, 2020

Re: *Lurch v. Berry*., 20-cv-2312 (PMH)
Pre-Motion Letter for Summary Judgment in Lieu of Answer by Defendants

Dear Hon. J. Halpern:

In this 42 U.S.C § 1983 action, Plaintiff brings suit Defendant Margaret Berry, R.N. There are not any direct allegations against this Defendant, but the matter sounds in deliberate medical indifference based on the treatment of a fungal rash at Fishkill Correctional Facility. There is a companion case in the Northern District that addresses claims of excessive force at Mid-State Correctional Facility.

Our office was recently noticed of this action and seek an additional period of time to respond. Defendants seek to respond via motion in lieu of answer and would like a motion schedule. The undersigned is off for the last two weeks of August and request a schedule for mid-September.

Defendants seek permission to move for an order of summary judgment in lieu of answer. Failure to exhaust is an affirmative defense, hence the defendant bears the burden of showing that an inmate has failed to satisfy the exhaustion requirements. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Whether a plaintiff has exhausted his administrative

remedies is a question of law. *Snider v. Melindez*, 199 F.3d 108, 113-14 (2d Cir. 1999). Thus, an inmate's failure to exhaust administrative remedies is properly considered on a motion for summary judgment in lieu of an answer. *Crichlow v. Fischer*, No. 6:15-CV-06252 EAW, 2017 WL 920753, at *5 (W.D.N.Y. Mar. 7, 2017) (citing Crenshaw v. Syed, 686 F. Supp. 2d 234, 236 (W.D.N.Y. 2010) (granting a motion for summary judgment made in lieu of an answer where inmate failed to exhaust administrative remedies).

In this matter, plaintiff did not file a single grievance and did not exhaust any grievances, hence the lawsuit was commenced without the filing of grievances and summary judgment is warranted.

Respectfully submitted
LETITIA JAMES
New York State Attorney General

*J. Powers*
_____
AAG Janice Powers


*cc via regular mail to:*
Robert Derek Lurch Jr.
3492000961
Vernon C. Bain Center (VCBC)
1 Halleck Street
Bronx, NY 10474

2