UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT DEREK LURCH, JR.,

                              Plaintiff,

              -against-

MARGARET BERRY, Nurse,

                              Defendant.

---

**MEMORANDUM OPINION
AND ORDER**

20-CV-02312 (PMH)

PHILIP M. HALPERN, United States District Judge:

Robert Derek Lurch, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against Nurse Margaret Berry ("Defendant"), asserting a claim of deliberate medical indifference in connection with an infection and tooth problem Plaintiff had while incarcerated at Fishkill Correctional Facility ("Fishkill"). (*See* Doc. 26, "Am. Compl.").

Defendant filed a motion for summary judgment under Federal Rule of Civil Procedure 56 in lieu of an answer on October 28, 2020. (Doc. 45; Doc. 46, "Def. Br."). On October 28, 2020, Defendant filed an affidavit of service indicating service of the moving papers on Plaintiff. (Doc. 50). Plaintiff's brief in opposition to Defendant's motion was originally due November 30, 2020. (Doc. 43). On December 2, 2020, Plaintiff filed a letter advising the Court that his address had changed. (Doc. 51). Plaintiff did not file opposition papers or request any extension of time within which to file his opposition.

On December 30, 2020, the Court *sua sponte* extended Plaintiff's time to oppose the motion to February 1, 2021, cautioned Plaintiff that failure to file an opposition by February 1, 2021 would result in the motion being deemed fully submitted and unopposed, and directed Defendant to mail another copy of the motion papers, as well as the Court's Order, to Plaintiff at the new address he designated in his December 2, 2020 letter. (Doc. 52). On January 5 and January

6, 2021, Defendant filed four affidavits of service indicating service of the motion papers and the Court's December 30, 2020 Order on Plaintiff. (*See* Docs. 54-57). Thus, as is clear from the docket, Plaintiff was sent Defendant's moving papers, as well as this Court's Order, notifying him that Defendant had moved for summary judgment dismissing his Amended Complaint. The Court has received no communications from Plaintiff since December 2, 2020 and, as such, considers the motion fully submitted and unopposed.

For the reasons set forth below, Defendant's motion for summary judgment is GRANTED.

## **<u>BACKGROUND</u>**

Plaintiff filed a complaint on October 18, 2018 alleging claims against nine John Doe defendants, eight of whom he alleged were employed at Mid-State Correctional Facility ("Mid-State"). (Doc. 2 at 3-6).[1] On May 22, 2019, Judge Román, who presided over this case prior to its reassignment to this Court on April 22, 2020, issued an Order directing the Attorney General of the State of New York ("NYAG") as attorney for and agent of New York State Department of Corrections and Community Supervision ("DOCCS") to ascertain the identities of each of the individuals Plaintiff intended to sue. (Doc. 10). On July 15, 2019, the NYAG sought a change of venue to the Northern District of New York on the grounds that, *inter alia*, eight of nine John Doe defendants listed in the complaint were employed at Mid-State and resided in that district, so identification of the parties would be facilitated more efficiently by the NYAG's office in the Northern District. (Doc. 12). On July 16, 2019, Judge Román granted the NYAG's request, and the action was transferred to the Northern District of New York under docket number 18-CV-09592. On February 18, 2020, Plaintiff filed an Amended Complaint. (*See* Am. Compl.). On March 11, 2020, Judge Hurd issued a Decision and Order which, *inter alia*, severed the claims arising out

---

[1] Citations to page numbers of documents filed by Plaintiff correspond to the pagination generated by ECF.

of Plaintiff's confinement at Fishkill and transferred them to the Southern District of New York. (Doc. 27). Thus, the only claims pending before this Court are those alleged against Defendant in the Amended Complaint which arise out of Plaintiff's confinement at Fishkill. The balance of Plaintiff's claims were adjudicated in the Northern District of New York.[2]

The facts recited herein are drawn from the Amended Complaint, Defendant's Rule 56.1 Statement (Doc. 48, "Def. 56.1 Stmt."), and the Declaration of Janice Powers (Doc. 47, "Powers Decl.") together with the exhibits annexed thereto, which include, *inter alia*, the Declaration of Sally Reams (Doc. 47-4, "Reams Decl.") and the Declaration of Rachel Seguin (Doc. 47-5, "Seguin Decl.").

Plaintiff was incarcerated at Mid-State from June 16, 2017 until July 26, 2018. (Powers Decl. Ex. F). While there, between July 7 and 10, 2018, Plaintiff noticed a "fungus growth" on the back of his right thigh. (Am. Compl. at 7). Plaintiff alleges he was not seen by any nurse or doctor and was then transferred to Fishkill on July 26, 2018, where he remained housed until November 16, 2018. (*Id*.; Def. 56.1 Stmt. ¶ 4). Plaintiff alleges that he was not treated at Fishkill and the growth began to spread to other sections of his body. (Am. Compl. at 7). Three and a half weeks after his arrival at Fishkill, Plaintiff began verbally informing the nurses of his condition by stopping them during their rounds tending to other inmates. (*Id*. at 8; Def. 56.1 Stmt. ¶ 2). Plaintiff stopped Defendant who advised him that "she will not tend to [his] medical issue until she receives a sick call slip. . . [and] they don't have time to respond to everybody's verbal request." (Am. Compl. at 8). Less than a week later, Plaintiff stopped another nurse who examined him and treated

---

[2] On February 4, 2021, Judge Hurd accepted and adopted in all respects the December 8, 2020 Report and Recommendation of Magistrate Judge Stewart, which granted defendants' motion for summary judgment and dismissed Plaintiff's Amended Complaint on the grounds that Plaintiff failed to exhaust his administrative remedies prior to bringing suit. *See Lurch v. Bui*, No. 19-CV-00895, 2020 WL 8450543, at *5 (N.D.N.Y. Dec. 8, 2020), *adopted sub nom. Lurch v. Jones*, 2021 WL 392486 (N.D.N.Y. Feb. 4, 2021).

him with anti-fungal cream. (*Id.*). Plaintiff's condition has not improved and "the growth has spread and become resistant to the creme [sic] used to treat this ailment." (*Id.*). Plaintiff separately alleges that he was assaulted on April 19, 2018, causing a painful broken molar; and that despite submitting "several sick call slips and grievances," he did not receive any dental care for this issue. (*Id.* at 12).

Defendant moves for summary judgment contending, *inter alia*, that Plaintiff failed to exhaust his administrative remedies prior to bringing suit.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "Although summary judgment is generally not appropriate until after some discovery has occurred in a case, . . . a motion for summary judgment in lieu of an answer is appropriate where the facts are undisputed and no amount of discovery would change the outcome." *Smith v. United States Dep't of Just.*, No. 18-CV-03371, 2021 WL 2480412, at *3 (S.D.N.Y. June 17, 2021) (citing *Green v. Harris*, 309 F. Supp. 3d 10, 12 (W.D.N.Y. 2018)); *see also Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 202 (2d Cir. 2003) (procedurally proper to move for summary judgment in lieu of an answer); *5 Borough Pawn, LLC. v. Marti*, 753 F. Supp. 2d 186, 190 (S.D.N.Y. 2010) (same); *Cover v. Am. Postal Workers Union, AFL-CIO*, No. 05-CV-02430, 2006 WL 8441397, at *4 (S.D.N.Y. July 21, 2006) (same), *aff'd*, 357 F. App'x 336 (2d Cir. 2009).

Rule 56 directs that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could

4

return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442 F. Supp. 3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-05486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). The Court's duty, when determining whether summary judgment is appropriate, "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Id.* (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence; the task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial . . . ." *Bellotto v. Cty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)). Claims simply cannot proceed in the absence of sufficient proof as to an essential element.

"It is the movant's burden to show that no genuine factual dispute exists," *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)), and a court must "resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Id.* (citing *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 442 F. Supp. 3d at 722 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts . . . ." *Id.* (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). However, "[i]f there is any evidence from which a

reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

Should there be no genuine issue of material fact, the movant must establish also its "entitlement to judgment as a matter of law." *In re Davis New York Venture Fund Fee Litig.*, 805 F. App'x 79, 80 (2d Cir. 2020) (quoting *FIH, LLC v. Found. Capital Partners LLC*, 920 F.3d 134, 140 (2d Cir. 2019)). Stated simply, the movant must establish that the law favors the judgment sought. *Gonzalez v. Rutherford Corp.*, 881 F. Supp. 829, 834 (E.D.N.Y. 1995) (explaining "that summary judgment is appropriate only when . . . law supports the moving party"); *Linares v. City of White Plains*, 773 F. Supp. 559, 560 (S.D.N.Y. 1991) (explaining that summary judgment is appropriate when "the law so favors the moving party that entry of judgment in favor of the movant . . . is proper").

The Court is, of course, mindful that "[p]ro se litigants are afforded a special solicitude," which includes reading their filings "to raise the strongest arguments they suggest." *Mortimer v. City of New York*, No. 15-CV-07186, 2018 WL 1605982, at *9 (S.D.N.Y. Mar. 29, 2018) (internal quotation marks omitted). "It is through this lens of leniency towards *pro se* litigants that this Court must consider a defendant's motion for summary judgment against a *pro se* plaintiff." *Adams v. George*, No. 18-CV-02630, 2020 WL 5504472, at *5 (S.D.N.Y. Sept. 8, 2020). This status does not, however, excuse a *pro se* litigant from making the showing required to defeat summary judgment; he or she must offer more than "bald assertions, completely unsupported by evidence" to overcome the motion. *Wisdom v. Loiodice*, No. 17-CV-04837, 2020 WL 4431590, at *4 (S.D.N.Y. July 31, 2020); *see also Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (explaining that the mere fact that a litigant is *pro se* "does not relieve plaintiff of his duty to meet

the requirements necessary to defeat a motion for summary judgment" (internal quotation marks omitted)); *Ross v. Koenigsmann*, No. 14-CV-01321, 2017 WL 9511096, at *1 (N.D.N.Y. Aug. 16, 2017), *adopted sub nom. Ross v. Mannava*, 2017 WL 4338883 (N.D.N.Y. Sept. 29, 2017).

Where, as here, a *pro se* litigant fails to oppose a motion for summary judgment, the motion may be granted as unopposed only "if: (1) the plaintiff has received adequate notice that failure to file any opposition may result in dismissal of the case; and (2) the Court is satisfied that the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law." *McNair v. Ponte*, No. 17-CV-02976, 2020 WL 3402815, at *3 (S.D.N.Y. June 18, 2020) (quoting *Warren v. Chem. Bank*, No. 96-CV-06075, 1999 WL 1256249, at *2 (S.D.N.Y. Dec. 22, 1999)).

## ANALYSIS

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," *Hernández v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)), and it is "'mandatory': [a]n inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross v. Blake*, 136 S.Ct. 1850, 1856 (2016) (citation omitted). "Moreover, the PLRA 'requires proper exhaustion, which means using all steps that the prison grievance system holds out.'" *Ayala-Rosario v. Westchester Cty.*, No. 19-CV-03052, 2020 WL 3618190, at *4 (S.D.N.Y. July 2, 2020) (quoting *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016)). This "means that

'prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself.'" *Gottesfeld v. Anderson*, No. 18-CV-10836, 2020 WL 1082590, at *6 (S.D.N.Y. Mar. 6, 2020) (quoting *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012)).

As an inmate in the custody of DOCCS, Plaintiff was required to follow a three-step process to fully and completely exhaust the grievance process. *See generally Amador v. Andrews*, 655 F.3d 89, 96-97 (2d Cir. 2011) (outlining DOCCS' three-step grievance process). First, a grievance must be submitted to the Inmate Grievance Resolution Committee ("IGRC"), a facility-level body consisting of inmates and facility staff members. N.Y. Comp. Codes R. & Regs. tit. 7, §§ 701.4, 701.5(a)-(b). Second, should the inmate be dissatisfied with the conclusion reached by the IGRC, he may appeal that decision to the superintendent of the facility within seven calendar days of receiving the IGRC's determination. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(c)(1). Finally, if the superintendent's conclusions are unfavorable, the inmate may appeal that decision to the Central Office Review Committee ("CORC") within seven calendar days of receiving the superintendent's determination. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(d)(1)(i). Only after completing all three steps may an inmate initiate suit. *Davis v. Grant*, No. 15-CV-05359, 2019 WL 498277, at *7 (S.D.N.Y. Feb. 8, 2019).

Plaintiff alleges in the Amended Complaint that he submitted "several sick call slips and grievances" concerning his tooth (Am. Compl. at 12), but provides no other details concerning compliance with the grievance process. Plaintiff makes no allegation concerning any grievance submitted concerning his request for medical care in connection with his fungal growth.

Defendant submitted a declaration from Sally Reams, the Inmate Grievance Program ("IGP") Supervisor at Fishkill. (Reams Decl. at 1). Reams, in her declaration, states that she is the

custodian of records for the IGP at Fishkill. Reams's declaration states that she reviewed IGP records for grievances filed by Plaintiff and found no evidence of any grievance filed by Plaintiff pertaining to his allegations concerning medical care for a skin fungus or tooth problem. Reams further states that Plaintiff did not request any extension of time within which to file a grievance.

Defendant also submitted a declaration from Rachael Seguin, the Assistant Director of the IGP for DOCCS. (Seguin Decl. at 1). Seguin, in her declaration, states that she is the custodian of records for CORC and explains that CORC maintains a database containing records of appeals of grievances received, heard, and decided by CORC since the 1990s. Seguin's declaration further states that she conducted a search of DOCCS records for appeals received by CORC from Plaintiff, and annexes as Exhibit A a copy of the computer printout from the CORC database reflecting the results of that search. (*Id*. at 5-8). Seguin concludes that Exhibit A to her declaration reveals that no appeal exists relating to the alleged denial of medical care for a skin fungus or tooth problem. The exhibit reflects that the only grievance appealed by Plaintiff to CORC was on March 3, 2017, which is more than one year prior to his even being transferred to Fishkill. Simply put, Plaintiff did not file any appeal to CORC for the purported denial of medical care relating to the skin fungus or the broken tooth.

Even while granting Plaintiff—who filed nothing in opposition to this motion, and, in fact, has filed nothing in this case at all since his notice of change of address on December 2, 2020 (*see* Doc. 51)—every conceivable benefit of the doubt to which a *pro se* litigant is entitled, there is simply no genuine issue of material fact on the instant motion. No grievance was filed by Plaintiff concerning the skin fungus or tooth problem. Consequently, summary judgment is proper here because: (1) Defendant established her entitlement to judgment as a matter of law on the grounds that Plaintiff failed to exhaust his administrative remedies as required by the PLRA ; and

(2) Plaintiff was warned that failure to file an opposition would result in the Court concluding that the motion was unopposed. *See Jackson v. Jackson*, No. 16-CV-08516, 2021 WL 981849, at *5 (S.D.N.Y. Mar. 16, 2021).

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and Plaintiff's Amended Complaint is dismissed with prejudice.[3]

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 45, mail a copy of this Memorandum Opinion and Order to Plaintiff, and close this case.

**SO ORDERED:**

Dated:    White Plains, New York
          August 17, 2021

_____
PHILIP M. HALPERN
United States District Judge

---

[3] Given the conclusions reached herein, the Court need not and does not address Defendant's remaining arguments for summary judgment.